# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:08-cr-0161-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| CASEY LUCZAK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Casey Luczak's Motion for Reconsideration. (ECF No. 155). The Government filed a Response. (ECF No. 156). Defendant's Motion is Granted in part and Denied in part for the reasons stated below.

On May 28, 2008, an Indictment was entered against Defendant charging twenty-six counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of False Statement, in violation of 18 U.S.C. § 1001. (ECF No. 1). On January 19, 2010, Defendant entered a plea of guilty to all twenty-seven counts of the Indictment without a plea agreement. (*See* ECF Nos. 78–19, 81). On May 27, 2010, the Court entered Judgment against Defendant on counts 1–5,7–8, 10–20, 22–26, and 27, and dismissed counts 6, 9, and 21. (ECF No. 91).[1] The Court sentenced Defendant to 121 months custody for counts 1–5,7–8, 10–20, 22–26, and 60 months custody concurrent for count 27. (*Id.* at 2). The Court also sentenced Defendant to five years of supervised release, $2,400 assessment fee, and restitution of $4,288,158.74. (*Id.* at 3, 5).

---

[1] The Court amended this Judgment pursuant to Order (ECF No. 148), which granted victim Kevin McLaughlin's Motion to be Included in Restitution (ECF No. 144). (*See* ECF No. 157). The only change on the Amended Judgment was a substitution on the Restitution List of victim Kevin McLaughlin for victim Both Feet Films, LLC. (*Id.*).

Lastly, the Court entered an Order of Forfeiture in the amount of a $1,977,500.00 money judgment. (*Id.* at 7); (ECF No. 89).

On July 19, 2016, the Government filed a Motion to Apply Seized Assets to Restitution. (ECF No. 152). The Motion requested an order from the Court directing the Federal Bureau of Investigation (FBI) to turn over items seized during the course of investigation to be applied to the restitution amount still outstanding. According to Exhibit B attached to the Government's Motion, only $767.71 had been collected of the $4,288,158.74 restitution ordered. (*See* Ex. B to Gov't Mot. 7, ECF No. 152). The Government's Motion identified "$19,100 in U.S. Currency and two $1,000 gaming chips from Rampart Casino" in the FBI's possession that were seized during the execution of a search warrant in Defendant's case. (*See* Gov't Mot. 2:8–12). The Court granted the Government's Motion on July 20, 2016. (ECF No. 154). On August 4, 2016, Defendant filed the instant Motion for Reconsideration. (Def.'s Mot. Recons., ECF No. 155).

In his Motion, Defendant asserts that the Court should reconsider its Order (ECF No. 154) because he did not have the opportunity to respond. (Def.'s Mot. Recons. at 1–3). Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases." *United States v. Hector,* 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"). Here, for good cause appearing, the Court grants Defendant's Motion for Reconsideration to the extent that the Court will consider Defendant's Response.[2]

---

[2] In his Motion for Reconsideration, Defendant references his Response as "Notice of Omnibus Motion in Opposition to Government's Impermissible Demand for Seized Assets." (Def.'s Mot. Recons. at 3). Nothing is filed on the docket with this title or any other form of response. However, the Government's Response to Defendant's Motion includes an Exhibit that appears to be Defendant's Response. (Def.'s Resp., Ex. 1 to Gov't

In Defendant's Motion, he argues that "the statute of limitations in seizure has expired." (Def.'s Resp. at 6, 22). He also contends the "Restitution List in this case has been a complete forgery bringing fraud upon this court." (*Id.*). Defendant further asserts that "this property is not germane to any criminal offense." (*Id.*).

Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Property seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded. *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060–61 (9th Cir. 1991). However, a valid restitution order gives the Government a cognizable claim of ownership to defeat a defendant's motion for return of property, "if that property is needed to satisfy the terms of the restitution order." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). "A sentence that imposes an order of restitution is a final judgment." 18 U.S.C. § 3664(o). Because a restitution order is enforceable as a lien on *all* of a defendant's property, a court may order that a defendant's property already in the government's possession be applied to his restitution debt. *Mills*, 991 F.2d at 612; *see also* 18 U.S.C. § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." 18 U.S.C. § 3613(c).

Here, final judgment was entered against Defendant on May 27, 2010, and an amended judgment was entered on September 1, 2016. (ECF No. 91). The operative date establishing the restitution lien here would be the original judgment, which was entered only about six years ago. As such, the restitution lien has not expired and remains properly against Defendant. Next, Defendant's allegations regarding the inaccuracy of the restitution list are not

---

Resp., ECF No. 156-1). Accordingly, the Court will consider this Exhibit as Defendant's Response to the Government's original Motion to Apply Seized Assets to Restitution.

substantiated by any evidence.  Defendant did not raise the issue on direct appeal or his Motion to Vacate under 21 U.S.C. § 2255. (*See* Mem. of USCA, ECF No. 109); (Order, ECF No. 134). Further, upon the filing of a petition for writ of error coram nobis in the Ninth Circuit Court of Appeals, the court stated that "no further filings will be entertained in this closed case." (Order of USCA, ECF No. 151).  As such, the restitution list on the final amended judgment remains in effect and valid.[3]  Lastly, while Defendant may be correct that the assets the Government seeks to apply to restitution are not germane to the criminal offense, such a determination is not necessary for restitution.  Unlike forfeiture, a restitution lien applies to all of Defendant's property, not only assets related to criminal activity. 18 U.S.C. § 3613(c).  Defendant's property includes that which is already in the Government's possession. *See Mills*, 991 F.2d at 612.

Accordingly, the Court affirms its Order (ECF No. 154) allowing the Government to apply the seized assets of $19,100 in U.S. Currency and two $1,000 gaming chips toward the remaining balance of restitution owed by Defendant.

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (ECF No. 155) is **GRANTED in part and DENIED in part**.  The Motion is **GRANTED** to the extent that the Court reconsiders Defendant's Response, and **DENIED** to the extent that the Court affirms its Order (ECF No. 154).

**DATED** this __2__ day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] The Amended Judgment only exchanged a name on the Restitution List (*see supra* note 1); therefore, the Amended Judgment does not impact the validity or accuracy of the original restitution list. (*Compare* ECF No. 91 *with* ECF No. 157).