# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

CASEY LUCZAK,

          Defendant.

Case No.: 2:08-cr-0161-GMN-GWF

**ORDER**

Pending before the Court is Defendant Casey Luczak's Motion for Summary Judgment as a Matter of Law, which the Court construes as a Motion for Downward Departure based on Defendant's request for a two-level reduction in sentence. (Def.'s Mot. at 2, ECF No. 159). The Government filed a Response (ECF No. 160), and Defendant filed a Reply (ECF No. 161).

On May 28, 2008, an Indictment was entered against Defendant charging twenty-six counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of False Statement, in violation of 18 U.S.C. § 1001. (ECF No. 1). On January 19, 2010, Defendant entered a plea of guilty to all twenty-seven counts of the Indictment without a plea agreement. (*See* ECF Nos. 78–19, 81). On May 27, 2010, the Court entered Judgment against Defendant on counts 1–5, 7–8, 10–20, 22–26, and 27, and dismissed counts 6, 9, and 21. (ECF No. 91).[1] The Court sentenced Defendant to 121 months custody for counts 1–5, 7–8, 10–20, 22–26, and 60 months custody concurrent for count 27. (*Id.* at 2). The Court also sentenced Defendant to five years of supervised release, $2,400 assessment fee, and restitution of $4,288,158.74. (*Id.* at 3, 5).

---

[1] The Court amended this Judgment pursuant to Order (ECF No. 148), which granted victim Kevin McLaughlin's Motion to be Included in Restitution (ECF No. 144). (*See* ECF No. 157). The only change on the Amended Judgment was a substitution on the Restitution List of victim Kevin McLaughlin for victim Both Feet Films, LLC. (*Id.*).

Lastly, the Court entered an Order of Forfeiture in the amount of a $1,977,500.00 money judgment. (*Id.* at 7); (ECF No. 89). The Ninth Circuit affirmed Defendant's sentence on February 22, 2011. (ECF No. 109). Defendant subsequently filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 116), which the Court denied (ECF No. 134). On March 3, 2017, Defendant filed the instant motion seeking a downward departure of two levels, asserting that the Court erred in applying the two-level sophisticated means enhancement at sentencing. (Mot. at 2).

Federal Rules of Criminal Procedure ("Rules") 35 and 36 refer to correcting a sentence based on error. Rule 35 requires the correction within fourteen days. Fed. R. Crim. P. 35. While Rule 36 allows for a correction at any time, it requires an error "arising from oversight or omission." Fed. R. Crim. P. 36.

Here, Defendant's motion comes several years after his sentencing, making Rule 35 inapplicable. Further, Defendant is not requesting the Court to correct an error, but instead to make a change. The Court lacks jurisdiction to make such change under either applicable Rule. The Court also notes that Defendant argued this issue on appeal, and the Ninth Circuit found that "[t]he district court did not err because [Defendant's] scheme involved 'especially complex or especially intricate offense conduct' in its 'execution or concealment.' U.S.S.G. § 2B1.1 app. n.6(B) (2002)." (Ninth Cir. Mem. at 2, ECF No. 109). Accordingly, the Court denies Defendant's motion.

**IT IS HEREBY ORDERED** that Defendant's Motion for Downward Departure (ECF No. 159) is **DENIED**.

**DATED** this \_\_8\_\_ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court